# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEENA TAYLOR,<br><br>                              Plaintiff,<br><br>v.<br><br>STARBUCKS CORPORATION,<br><br>                              Defendant. | Case No.: 3:24-cv-01511-RBM-MMP<br><br>**ORDER:**<br><br>(1) **GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS [Doc. 2]**<br><br>(2) **DIRECTING U.S. MARSHAL TO EFFECT SERVICE**<br><br>(3) **DENYING PLAINTIFF'S MOTION TO FILE ELECTRONICALLY [Doc. 3]**<br><br>(4) **DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL [Doc. 4]**<br><br>**[Doc. 2–4]** |

Plaintiff Sheena Taylor has filed: (1) an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Motion") (Doc. 2); (2) a Motion to File Electronically (Doc. 3); and (3) a Request for Appointment of Counsel (Doc. 4). For the

1

reasons set forth below: (1) Plaintiff's IFP Motion is **GRANTED**; (2) Plaintiff's Motion to File Electronically is **DENIED**; and (3) Plaintiff's Request for Appointment of Counsel is **DENIED**.

## I.   MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

All parties instituting a civil action in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $405.[1]  *See* 28 U.S.C. § 1914(a); CivLR 4.5(a).  Under 28 U.S.C. § 1915, however, a litigant who, because of indigency, is unable to pay the required fees or security to commence a legal action may petition the court to proceed without making the payment.  28 U.S.C. § 1915(a)(1).  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).  The facts in an affidavit regarding poverty must be stated "with some particularity, definiteness and certainty."  *Id*. (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)).  The determination of indigency falls within the district court's discretion.  *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993).

Plaintiff's IFP Motion states that she is "unable to pay the costs of these proceedings."  (Doc. 2 at 1.)  She asserts that she is a student on scholarship living in campus housing and has no income.  (*Id.* at 5.)  She receives $500 monthly from CALWORKS for food and her phone bill.  (*Id.*)  Plaintiff does not identify any bank accounts or assets.  (*Id.* at 2–3.)  Plaintiff's monthly expenses for food, clothing, laundry, and transportation total approximately $1,000.  (*Id.* at 4–5.)

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)).  The additional $55 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

After considering Plaintiff's IFP Motion, the Court finds that Plaintiff cannot afford to pay the filing fee in this case and is eligible to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). Accordingly, Plaintiff's IFP Motion is **GRANTED**.

## II. SCREENING UNDER 28 U.S.C. § 1915(e)

A complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to mandatory, sua sponte review and dismissal by the Court if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (noting 28 U.S.C. § 1915(e)(2)(B) is "not limited to prisoners").

To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, "section 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

Here, Plaintiff asserts claims for: (1) racial discrimination under Title VII; (2) discrimination based on marital status; (3) retaliation in violation of Title VII; (4) breach of employment contract; (5) wrongful termination in violation of public policy; (6)

intentional infliction of emotional distress; (7) defamation; and (8) invasion of privacy. (Compl. [Doc. 1] ¶¶ 24–42.)

Plaintiff alleges that she was employed by Defendant Starbucks Corporation and "experienced racial discrimination throughout her employment with [Defendant]." (*Id.* ¶¶ 8, 14.) She also asserts Defendant's "recruiter engaged in a pattern of discriminatory behavior, including: … [i]mproperly sharing [Plaintiff's] personal information with another employee; … [m]arginalizing [Plaintiff] based on her single mother status; … [s]tereotyping [Plaintiff] by pressuring her to connect with another Black manager during relocation, whom [Plaintiff] had never met; [and] … [d]iscriminating against [Plaintiff] due to her unmarried status." (*Id.* ¶ 9.) She claims her employment offers were rescinded and she was terminated when she refused to comply with the recruiter's request that she "'group up' with the other Black manager" and did "not conform[] to stereotypical expectations." (*Id.* ¶¶ 10–11, 13.) She claims Defendant retaliated against her, including by pursing an invalid debt related to relocation and falsely claiming she declined a job offer. (*Id.* ¶¶ 15, 20–22.) She also alleges Defendant's retaliation became increasingly aggressive after she filed with the United States Equal Employment Opportunity Commission ("EEOC"). (*Id.* ¶ 16.) The Complaint references emails, phone messages, and text messages that Plaintiff asserts contradict Defendant's position and support Plaintiff's claims. (*Id.* ¶¶ 20, 24–25.) Plaintiff attaches right to sue letters from the EEOC and California Civil Rights Department. (Doc. 1-2 at 3–5.)

Considering Plaintiff's pro se status and the Court's obligation to liberally construe a pro se complaint, the Court finds Plaintiff has satisfied the minimal pleading requirements to avoid dismissal pursuant to § 1915(e)(2)(B).[2] Accordingly, the Court orders service by the U.S. Marshal as detailed below. (*See* Section V.)

---

[2] While the Court is required to liberally construe Plaintiff's filings because she is proceeding pro se, the Court notes that she is required to comply with the Federal Rules of Civil Procedure, this District's Civil Local Rules, and the undersigned's Chambers Rules. *See Ghazail v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings

### III. MOTION TO FILE ELECTRONICALLY

Plaintiff has filed a Motion to File Electronically. (Doc. 3.) In the Motion, Plaintiff indicates that she would like to be able to file documents electronically because of the cost of transportation and her school schedule. (*Id.*)

"Unless otherwise authorized by the court, all documents submitted for filing to the Clerk's Office by parties appearing without an attorney must be in legible, paper form." *See* Electronic Case Filing Admin. Policies and Procedures Manual ("CM/ECF Manual") § 2(b). "A pro se party seeking leave to electronically file documents must file a motion and demonstrate the means to do so properly by stating their equipment and software capabilities in addition to agreeing to follow all rules and policies in the [CM/ECF Manual]." *Id*. The CM/ECF Manual refers to the Court's official website for CM/ECF technical requirements for electronic filing. *Id*. at § 1(i). Those requirements include a "[c]omputer running Windows 7 or higher, MacOS X or higher, or Linux; [s]oftware to convert documents from a word processor format to PDF, such as Adobe Acrobat; [d]ocument scanner to convert paper documents to PDF files; [i]nternet access capable of downloading and uploading file sizes up to 35 MB; a compatible browser, such as Firefox 15 or higher, Microsoft Edge, or Safari 5.1 or higher; a email account to receive notifications from the Court." U.S. District Court, S.D. Cal., Representing Yourself (Pro Se), Information about Filing in Federal Court, Electronic Filing Information, https://www.casd.uscourts.gov/Prose/Prose-FilingInfo.aspx (last visited Jan. 6, 2025);[3] *see also* U.S. District Court, S.D. Cal., CM/ECF, General Information, https://www.casd.uscourts.gov/cmecf.aspx#undefined1 (last visited Jan. 6, 2025).

Plaintiff's Motion does not indicate if she will follow all rules and policies, and does not demonstrate that she has the equipment and software capabilities to electronically file.

---

liberally in their favor, pro se litigants are bound by the rules of procedure."). These rules are all available on the Court's website.

[3] This same location on the Court's website includes a form motion to seek permission to electronically file.

5

3:24-cv-01511-RBM-MMP

Accordingly, Plaintiff's Motion (Doc. 3) is **DENIED without prejudice**. Plaintiff may file an amended motion addressing the deficiencies identified above.

## IV.   REQUEST FOR APPOINTMENT OF COUNSEL

"Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). However, "the district court may request an attorney to represent any person unable to afford counsel" based on "exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (citing 28 U.S.C. § 1915(e)(1)). "A finding of exceptional circumstances … requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Only "rarely" will a federal court find a case to be so complex that it is appropriate to appoint counsel for a civil litigant. *See Dotson v. Doctor*, No. 1:14-cv-00093-LJO-SKO, 2014 WL 2208090, at *1 n.1 (E.D. Cal. May 28, 2014) ("[c]ounsel is appointed in civil cases only rarely, if exceptional circumstances exist").

First, the Court notes it is difficult to determine Plaintiff's likelihood of success on the merits at the pleading stage. While her Complaint is sufficient to survive the minimal pleading requirements for screening, it is harder to find at this early stage that she will ultimately succeed on the merits of all her claims. Second, Plaintiff has not demonstrated the complexity of legal issues involved requires appointment of counsel. Plaintiff asserts claims for discrimination, retaliation, and breach of contract related to her employment and recruitment as well as claims related to Defendant improperly sharing her personal information and providing false information about her to others. (Compl. ¶¶ 27–42.) And she has identified the facts she believes support these claims. (*Id.* ¶¶ 8–26.) Plaintiff has the ability to articulate her claims and though she may "[find] it difficult to articulate [her] claims pro se … she has not shown that the complexity of the issues involved [is] sufficient to require designation of counsel." *See Wilborn*, 789 F.2d at 1331.

Having considered Plaintiff's likelihood of success on the merits and her ability to articulate her claims pro se in light of the complexity of legal issue involved, the Court cannot find exceptional circumstances warrant appointment of counsel. Plaintiff's Request for Appointment of Counsel (Doc. 4) is **DENIED**.

## V.     CONCLUSION

Plaintiff's Motion to File Electronically (Doc. 3) is **DENIED**. Plaintiff's Request for Appointment of Counsel (Doc. 4) is **DENIED**.

Plaintiff's IFP Motion (Doc. 2) is **GRANTED** and the Court:

1) **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (Doc. 1) and forward it to Plaintiff along with a blank U.S. Marshal Form 285. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of her Complaint, and the summons so that she may serve Defendant.

2) Upon receipt of this "IFP Package," **Plaintiff must complete** the USM Form 285 as completely and accurately as possible, including an address where Defendant may be served, and return it to the U.S. Marshal according to the instructions the Clerk provides.

3) **ORDERS** the U.S. Marshal to serve a copy of Plaintiff's Complaint (Doc. 1) and summons upon Defendant at the address specified by Plaintiff on the USM Form 285, and to file an executed waiver of personal service upon Defendant with the Clerk of Court as soon as possible after its return. Should Defendant fail to return the U.S. Marshal's request for waiver of personal service within 90 days, the U.S. Marshal must instead file the completed Form USM 285 Process Receipt and Return with the Clerk of Court. The Return must include the date the summons, Complaint and request for waiver was mailed to Defendant and indicate why service remains unexecuted. All costs of service will be advanced by the United States.

4) **ORDERS** Defendant, once served, to respond to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).

5) **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendant, or if appearance has been entered by counsel, upon Defendant's

counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Federal Rule of Civil Procedure 5(b).  Plaintiff must include with every original document she seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document was served on Defendant or Defendant's counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2.  Any document received by the Court which has not been properly filed with the Clerk of Court or which fails to include a Certificate of Service upon Defendant or Defendant's counsel, may be disregarded.

**IT IS SO ORDERED**.

Dated:  January 10, 2025

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE